**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FREDERICK C. [1]                                          Case No. 1:23-cv-461

          Plaintiff,

v.                                                                    Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

          Defendants.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Frederick C. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is AFFIRMED, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

**I. Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income ("SSI") in August 2021, claiming disability beginning on January 6, 2020. (Tr. 237, 244). Plaintiff previously applied for disability benefits alleging the same alleged onset date, however, those applications were denied in a final and binding ALJ decision dated

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

March 10, 2021. (Tr.  39-40, 98-105). His current application was denied initially and upon

reconsideration. (Tr. 151-59, 166-72).  A telephone hearing was held on July 7, 2022,

wherein Plaintiff appeared with counsel and gave testimony before ALJ Gregory Kenyon.

Vocational Expert Laura Frailey also appeared and gave testimony.  On August 12, 2022,

the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 39-54).

Plaintiff was born in July 1968 and was 51 years old on his alleged onset of

disability.  (Tr. 53).  He graduated high school and had past relevant work as an

automobile service technician.  (Tr. 52).

Based upon the record and testimony presented at the hearing, the ALJ found that

Plaintiff had the following severe impairments: "lumbar degenerative disc disease status

post fusion, obesity, depression, and borderline intellectual functioning (BIF)."  (Tr. 43).

The ALJ concluded that none of Plaintiff's impairments alone or in combination met or

medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.

Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform

light work subject to the following limitations:

> (1) occasionally climbing ramps and stairs, kneeling, stooping, crouching,
> and crawling; (2) never climbing ladders, ropes, or scaffolds; (3) no work
> around hazards such as unprotected heights or dangerous machinery; (4)
> performing simple, routine, repetitive tasks; (5) occasional superficial
> contact with coworkers, supervisors, and the public (superficial contact is
> defined as able to receive simple instructions, ask simple questions, and
> receive performance appraisals but as unable to engage in more complex
> social interactions such as persuading other people or resolving
> interpersonal conflicts); (6) no fast-paced work; (7) no strict production
> quotas; and (8) jobs which involve very little, if any, change in the job duties
> or the work routine from one day to the next.

(Tr. 49).

Based upon his RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy, including housekeeping cleaner, merchandise marker, inspector/hand packager. (Tr. 54). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) finding that Plaintiff could perform light work; (2) failing to properly evaluate Plaintiff's mental impairments; and (3) failing to credit Plaintiff's subjective complaints. Upon close analysis, I conclude that Plaintiff's assignments of error are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion....  The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job.  42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

*1. RFC Finding*

Plaintiff argues first that the ALJ erred by not limited him to sedentary work.  In this regard, Plaintiff notes that if he was limited to sedentary work, he would be found disabled pursuant to grid Rule. 201.14.  Plaintiff's contentions are unavailing.

The RFC is the "most [an individual] can still do despite [his physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ determines the claimant's RFC using "all the relevant evidence in [the] case record." Id. Yet it is the claimant's burden to establish his RFC. See id. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."); see also *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating a more restrictive RFC); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability.").

In March 2021, the prior ALJ found that Plaintiff could perform light work with occasional stooping, crawling, and climbing. (Tr. 101).  In formulating Plaintiff's RFC, the

ALJ noted Dr. Diddiqui and Dr. Lewis, both state agency physicians, reviewed the medical evidence of record in November 2021 and February 2022, both adopting the findings of the prior decision.  Namely, that Plaintiff was capable of performing light work.  The ALJ determined that the prior administrative medical findings were partially persuasive and the capacity for light work as established in the prior decision continued to be applicable. (Tr. 50).  The ALJ noted that the objective evidence describes Plaintiff as ambulating without the use of an assistive device or abnormality of movement and with good posture. The ALJ also noted that physical examinations show that muscle strength of his bilateral upper and lower extremities consistently tests at 4-4+/5 or 5/5. (Tr. 50). Deep tendon reflexes of the lower extremities also are within normal limits. Respiratory efforts are normal, and heart rate and rhythm is regular. Id.

In light of the foregoing, the ALJ agreed that no compelling evidence has been presented to show that the Plaintiff lacks the capacity to perform the basic walking, standing, sitting, and lifting requirements of light work as defined which also takes into consideration his obese physical condition.  As such, the ALJ found the assessments of the reviewing physicians are partially persuasive, and the capacity for light work as established in the prior decision continues to be applicable and has been carried forward.

However, in light of Plaintiff's back surgery since the prior ALJ's decision, the ALJ found additional postural limitations are warranted to account for the degenerative condition of the claimant's spine while also reducing the possibility of exacerbating any other risks. Accordingly, the ALJ found that Plaintiff could climb ramps and stairs, kneel, stoop, crouch, and crawl no more than occasionally. He cannot climb ladders, ropes, or

scaffolds. For safety considerations, he found that Plaintiff should not be expected to perform work around hazards such as unprotected heights or dangerous machinery.

Plaintiff, however, argues that "findings on exams and tests support a limitation to only sedentary work…"  In this regard, Plaintiff notes that the medical records showed continuing problems with pain and numbness in the right leg resulting in balance problems and problems with sitting and walking low distances.  Plaintiff further noted that in March 2020 Plaintiff's back pain was severe and his examination showed inability to heel toe walk.  Plaintiff also noted that in March 2021, records indicated Plaintiff had back pain radiating down his legs to his feet and with positive straight leg raising on exam.  (Tr. 339-41).  Plaintiff also pointed out his back surgery in June 2021.

However, as noted by the Commissioner, Plaintiff has not submitted any opinion evidence contradicting the prior administrative medical findings or the current  ALJ's RFC finding. *See Lee v. Comm'r of Soc. Sec*., 529 F. App'x 706, 712 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527) (Plaintiff "does not offer statements from her treating source to rebut those assessments" from the state agency doctors, and the ALJ may rely on that evidence). Moreover, Plaintiff fails to show how the ALJ should have adopted greater functional limitations based on such evidence.  To the contrary, the undersigned finds that the ALJ's RFC finding is consistent with the prior administrative medical findings and is substantially supported.

### 2.  ALJ's Analysis of Plaintiff's Subjective Symptoms

Plaintiff argues next that the ALJ did not properly evaluate his subjective complaints in accordance with Agency regulations.  Plaintiff's contentions are unavailing.

The assessment of such symptoms, formerly referred to as the "credibility" determination in SSR 96-7p, was clarified in SSR 16-3p to remove the word "credibility" and refocus the ALJ's attention on the "extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3p, 2017 WL 5180304 at *2 (October 25, 2017) (emphasis added). Under SSR 16-3p, an ALJ is to consider all of the evidence in the record in order to evaluate the limiting effects of a plaintiff's symptoms. Id., 2017 WL 5180304, at *7-8 (listing factors); see also 20 C.F.R. §§ 404.1529(c), 416.929(c) and former SSR 96–7p. However, SSR 16-3p was not intended to substantially change existing law. *See Banks v. Com'r of Soc. Sec.*, Case No. 2:18-cv-38, 2018 WL 6060449 at *5 (S.D. Ohio Nov. 20, 2018) (quoting explicit language in SSR 16-3p stating intention to "clarify" and not to substantially "change" existing SSR 96-7p), adopted at 2019 WL 187914 (S.D. Ohio Jan. 14, 2019). Therefore, it remains the province of the ALJ, and not the reviewing court, to assess the consistency of subjective complaints about the impact of a claimant's symptoms with the record as a whole. *See Rogers v. Com'r*, 486 F.3d 234, 247 (6th Cir. 2007). A credibility/consistency determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

An ALJ's analysis of such symptoms is generally given great deference. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Thus, it is proper for an ALJ to discount the claimant's testimony, as the ALJ did in this case, where there are inconsistencies and contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). Here, the ALJ noted many inconsistencies throughout his opinion. Having closely examined the

record presented, the Court finds the ALJ's analysis of Plaintiff's subjective complaints to be substantially supported.

In this regard, in assessing Plaintiff's subjective complaints, the ALJ noted that Plaintiff walked without assistance, demonstrated full range of motion, he had no sensory deficits, and demonstrated full strength with the exception of reduced right hand strength. (Tr. 44).  The ALJ also noted that Plaintiff recovered well from a lumbar fusion in June 2021 and lumbar x-rays demonstrated good hardware placement and alignment. Id. Following the procedure, Plaintiff reported improvement in his pain and that he stopped taking narcotics. (Tr. 43-44, 52, 309, 620, 637).  The ALJ noted that postoperative physical therapy and acupuncture was recommended but Plaintiff did not start either since surgery.  (Doc. 44).

The ALJ also properly considered Plaintiff's subjective complaints relating to his mental impairments.  In this regard, the ALJ noted that he takes medication for anxiety and depressive based symptoms.  As detailed below, the only comprehensive psychological assessment of record is a consultative examination performed by Dr. Richard Sexton.  Dr. Sexton diagnosed both depression and borderline intellectual functioning. Dr. Sexton concluded the claimant is mentally capable of making his own decisions, conducting his own living arrangements, and managing his own funds.

In light of the foregoing, the ALJ made the following determination:

> Given that his spinal abnormalities ultimately required surgical intervention, the claimant's documented physical symptoms no doubt limit his exertional capabilities at times. But he also seems to have had some good results from surgery and available studies since that time do not corroborate his residual complaints, and therefore, do not establish that the claimant's mobility is compromised to the extent that he is incapable of performing any and all work activity. With respect to his mental health, the claimant notably has made no effort to pursue treatment since the last hearing and despite some

possible cognitive deficits possibly arising from chronic pain, there is no evidence to conclude that he lacks adequate mental acuity to perform work activity within the confines of the mental limitations included in the residual functional capacity discussed herein, e.g., simple, routine, and repetitive tasks. Therefore, reasonable restrictions in exertional capabilities (i.e., restricting the claimant to "light" exertion) and nonexertional capabilities (e.g., postural and mental restrictions) have been included in the residual functional capacity assessment found to be applicable herein.

(Tr. 52).

Accordingly, the ALJ concluded that Plaintiff has not presented objective medical evidence or clinical findings to establish a medically determinable physical or mental impairment that would result in any greater degree of limitation.  Id. As such, the evidence of record generally does not support the alleged loss of functioning and allegations of disability are not persuasive.  Id.

In light of the foregoing, the undersigned finds that the ALJ's decision is substantially supported.  As noted above, it is Plaintiff's burden to show that the ALJ's findings are unsupported by substantial evidence. Here, Plaintiff argues only that evidence exists from which the ALJ could have a drawn a different conclusion. That is not enough. *See Jones v. Com'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). The evidence summarized above easily constitutes "substantial evidence" to support the ALJ's determination that Plaintiff's subjective complaints were not fully consistent with the record. While Plaintiff may disagree with that assessment, he has failed to demonstrate any factual or legal error. A court may not reverse so long as the ALJ's analysis falls within a "zone of choice," a standard that is met here.

### 3.  Evaluation of Plaintiff's mental impairments

Plaintiff argus next that the ALJ's RFC assessment failed to properly accommodate his mental impairments.  Specifically, Plaintiff appears to contend that the ALJ's RFC and subsequent hypothetical question to the vocational expert fail to account for Plaintiff's moderate limitations of concentration, persistence, and pace.  Plaintiff's contention lacks merit.

With respect to Plaintiff's mental impairments the record contains the following opinion evidence:

On December 1, 2021, Richard Sexton, Ph.D., performed a consultative evaluation and found that Plaintiff demonstrated "slight difficulty maintaining attention/concentration," however, Plaintiff "denied having problems maintaining attention/concentration when he worked." (Tr. 612-613). Dr. Sexton further found that "there did not appear to be any limitations in his capacity to conform to social expectations in a work setting" but that he would be "expected to have difficulty responding appropriately to work-place pressures. (Tr. 613).

Following Dr. Sexton's evaluation, state agency medical consultants also reviewed the record. (Tr. 115-16, 118-19, 135, 137-39).  In December 2021, Paul Tangeman, Ph.D., reviewed the record and determined that Plaintiff was limited to carrying out short-cycle work routines without fast-paced production demands; interacting with others on a brief, superficial basis; and working in a setting that has infrequent changes in responsibilities and expectations. (Tr. 118-19). In February 2022, Courtney Zeune, Psy.D., reviewed the record and affirmed Dr. Tangeman's findings. (Tr. 137-38).

In assessing the severity of Plaintiff's mental impairments, the ALJ found "moderate" limitations in all four Paragraph B domains, i.e. understanding, remembering or applying information; ability to interact with others; concentrating persisting or maintaining pace, interacting with others, and in adapting and managing oneself. (Tr. 46-47).  Plaintiff claims, however, that the ALJ's RFC did not account for the moderate limitations related to his mental impairments.  However, the moderate limitations found by the ALJ are properly supported by the record.

In evaluating the prior administrative medical findings, the ALJ noted the consistency with Plaintiff's conservative mental health treatment and Dr. Sexton's evaluation. (Tr. 45-46). As such, the ALJ incorporated most of the prior administrative medical findings into the RFC. (Tr. 45).  Thus, in formulating Plaintiff's mental RFC, the ALJ determined that "this level of psychological limitation translates to the following specific functional restrictions: symptoms are likely to hinder his ability to attend for long periods and carry out detailed instructions." (Tr. 50). The ALJ determined that Plaintiff can perform only "simple, routine, and repetitive tasks with no fast-paced work or strict production quotas".  Id.  The ALJ also found that Plaintiff requires an occupation with "no more than occasional superficial contact with coworkers, supervisors, and the public." Id.

The ALJ noted that this restriction has been imposed to reduce the possibility of any social functioning difficulties during bouts of (physical or mental) symptom exacerbation.  Job duties or the work routine should involve very little, if any, change to account for the possibility that stress may exacerbate the Plaintiff's mental health symptoms. Id. As noted by the Commissioner, the ALJ found that Dr. Sexton's findings were suggestive of no more than mild to moderate limitations and seemed appropriate,

particularly in view of Plaintiff's minimal mental health treatment.  (Tr. 45). As such, the ALJ found Dr. Sexton's opinion persuasive and, consistent with the opinion. He found that Plaintiff could perform simple, routine, repetitive tasks without fast-paced work or strict production quotas. (Tr. 45, 49). Plaintiff was also limited to jobs with very little workplace changes. (Tr. 45, 49).

Numerous cases from the Sixth Circuit, have held that limitations similar to those the ALJ included in Plaintiff's RFC in this case adequately addressed Plaintiff's moderate limitations in concentration, persistence, or maintaining pace. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (concluding that a "limitation to simple, routine, and repetitive tasks" adequately accounted for the plaintiff's "moderately-limited ability 'to maintain attention and concentration for extended periods' "); *Wood v. Comm'r of Soc. Sec.*, No. 19-1560, 2020 WL 618536, at *2–4 (6th Cir. Jan. 31, 2020) (RFC limitation to "performing simple and routine tasks" was not inconsistent with ALJ's step three finding that the plaintiff had moderate limitations in concentration, persistence, and pace because the plaintiff failed to show that the evidence warranted additional limitations).

Although Plaintiff may disagree with the ALJ's decision, he has not shown that it was outside the ALJ's permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406. Even if a reviewing court would resolve the factual issues differently, when supported by substantial evidence, the Commissioner's decision must stand. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Indeed, the Sixth Circuit upholds an ALJ's decision even where substantial evidence both contradicts and supports the decision.

*Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993). For these reasons, the ALJ's decision is substantially supported in this regard and should not be disturbed.

*4. Plaintiff's Motion for a Sentence Six Remand is not Well-taken (Doc. 9)*

In the alternative, Plaintiff seeks a sentence six remand to allow the Commissioner to consider medical records submitted to the Social Security Appeals Council.  Plaintiff's request is not well-taken.

Pursuant to sentence six, a court can remand for consideration of new evidence only if the plaintiff establishes that the evidence is both new, in that it was "not in existence or available to the claimant at the time of the administrative proceeding" and "material," meaning there is "a reasonable probability that the Secretary would have reached a different disposition." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations omitted); see also *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). The plaintiff must also establish good cause for his failure to present the evidence to the ALJ. *See Bass v. McMahon*, 499 F.3d 506 (6th Cir. 2007); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "'Good cause' is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a 'harder line.'" *Saunders v. Comm'r of Soc. Sec.*, 2010 WL 1132286 at *3 (W.D. Mich. March 3, 2010) (quoting *Oliver v. Sec. of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)) (additional citations omitted).

Here, Plaintiff argues that this matter should be remanded under sentence six for the consideration of the fact that Plaintiff attended physical therapy and has the possibility of an additional surgery.  Namely, after the ALJ's decision, Plaintiff reported that he attended physical therapy.  (Tr. 12).  However, as noted by the Commissioner, Plaintiff's

14

decision to seek treatment <u>after</u> the ALJ's decision does not contradict the ALJ's findings and does not change the substantial evidence supporting the ALJ's decision in August 2022.

Additionally, a surgery was recommended and scheduled for January 2023. (Tr. 10, 14). However, assuming Plaintiff underwent the surgery, he did not provide any evidence relating to his condition after the surgery. Plaintiff has presented no argument as to how this new evidence demonstrates he was incapable of light work with occasional postural activities prior to August 2022. Moreover, as noted by the Commissioner, the Appeals Council considered the evidence relied upon by Plaintiff and found that the additional evidence did not relate to the relevant period. (Tr. 2). As such, the undersigned finds that the evidence submitted to the Appeals Council is not new or material.

Accordingly, Plaintiff's request for a sentence six remand (Doc. 9) is not well-taken and is herein denied.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED;** Plaintiff's motion for a sentence six remand (Doc. 9) is **DENIED** and that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

15